KUMBERGER & VREELAND v. HARTFORD.

(Supreme Court, Appellate Term. February 5, 1909.)

1. CONTRACTS (§ 322*)—ACTIONS FOR PRICE—DEFENSES—BREACH OF WARRANTY —EVIDENCE.

In an action for services and material furnished in the removal of a gas engine from certain premises, altering the same into a gasoline engine, and installing it in defendant's residence, evidence *held* to show breach by plaintiff of a guaranty by him that the engine would work satisfactorily.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

2. CONTRACTS (§ 316*)—PERFORMANCE—WARRANTY—BREACH—WAIVER.

The breach of a guaranty that an engine removed from one place and altered and installed in another would work satisfactorily was not waived by a letter, written by the person in whose favor the guaranty was made, in which he promised to pay for the engine although he knew it was not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

running according to contract, where the letter was induced by unperformed promises of the guarantor to fix the engine.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1480; Dec. Dig. § 316.*]

3. CONTRACTS (§ 171*)—CONSTRUCTION—SEPARATE CLAUSES.

A contract to transform a gas engine into a gasoline engine and install it, accompanied with a guaranty that it would furnish a certain amount of power and that it would not vary more than 5 per cent. in its running, was a single and entire contract, though separate quotations were given on the cost of transforming and the cost of installing, and hence did not entitle the person making the guaranty to recover either for the transformation or the installation, where the engine did not work according to the guaranty.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 754; Dec. Dig. § 171.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Krumberger & Vreeland against Edward V. Hartford. From a judgment for defendant, plaintiffs appeal. Affirmed.

See, also, 105 N. Y. Supp. 154, 109 N. Y. Supp. 28.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

John H. Taylor (Wayland E. Benjamin, of counsel), for appellants.

Griggs, Baldwin & Pierce (Franklin Pierce and C. Strawder Batt, of counsel), for respondent.

GIEGERICH, J. This is said in the briefs to be the third appeal to this court. The first trial was before a justice without a jury, and his judgment in favor of the defendant was reversed by this court as against the weight of evidence. The second trial was before a jury, which decided in favor of the plaintiffs; but its verdict was reversed by this court on account of the improper admission of evidence. On the third trial the parties stipulated that the trial justice should decide the case from the evidence taken on the second trial, excluding therefrom the evidence declared by this court to be incompetent. He has rendered judgment in favor of the defendant, and the plaintiffs appeal to this court.

The action is for services and materials furnished in the removal of a 10 horse power gas engine from the premises of the Hartford Suspension Company, 390 Hudson street, borough of Manhattan, New York City, altering the same into a gasoline engine, and installing it in the defendant's residence at Deal Beach, N. J. The defense interposed was that the plaintiffs guaranteed that the engine, when transformed, would furnish power sufficient to generate light for the defendant's house, amounting to 100 16 candle power lights, and that it would not vary more than 5 per cent. in regularity of running; that it was also agreed that the plaintiffs should not be paid for the work until the engine was installed, worked as guaranteed, and ran in a satisfactory manner in every respect. The defendant claimed that the engine never worked satisfactorily, that it varied much more than 5 per cent., and that the failure of the plant to furnish proper lights was due to the great variation in the running of this engine.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiffs contend that the judgment in favor of the defendant was against the weight of evidence; but I do not think so. There was no question but that the plant failed to furnish satisfactory light, and the preponderance of the evidence tended to show that the great variation, amounting to much more than 5 per cent., with which the engine ran, was the cause of this failure, and not the defendant's method of operating it, as claimed by the plaintiffs. In regard to the question whether there was any guaranty that the engine would not vary more than 5 per cent., the defendant and his manager, Mr. Weston, testified that such a guaranty was made by the plaintiffs; while the plaintiffs denied making the same. After considering the entire evidence, I am satisfied that the preponderance is with the defendant upon this proposition.

The plaintiffs also contend that the defendant waived the breach of guaranty by a letter, written about two months after the engine was installed, in which he promised to pay for the engine, although he knew it was not running according to the contract. The defendant claimed that he was induced to make this agreement to pay by promises made to his wife by the plaintiffs to fix the engine so that it would run properly. There is no question that the engine was never put in proper running condition by anybody; in fact, the defendant had to discard it finally. The wife of the defendant testified that the plaintiffs made the promises to her, and she in turn communicated them to her husband. The plaintiffs denied making them. Of course, if this alleged waiver was induced by promises which the plaintiffs failed to keep, he cannot take advantage of it.

Another contention of the plaintiffs is that the contract for converting the gas engine into a gasoline one was a distinct and separate contract from the one for installing it at the defendant's residence, and, since the guaranty only covered the last contract, the plaintiffs are in all events entitled to recover on the first one. I do not agree with them. In my opinion the contracts for transforming and installing were parts of one entire contract. Although separate quotations were given on the cost of transforming and the cost of installing, the intention of the parties was evidently to regard it as one complete transaction. If the engine, when transformed, would not furnish sufficient power, or varied more than 5 per cent. in its running, it would have been useless as far as the defendant's purposes were concerned, no matter how perfectly the work of installation was done. It is absurd to claim that the guaranty was only meant to cover the installation, and not the transformation. Each one had to be done properly before the engine would do the work it had to do. Both the defendant and his manager, Weston, testified that in the telephonic conversations had with the plaintiffs the latter guaranteed that the engine, when transformed, would not vary more than 5 per cent. This guaranty, if made, certainly covered the transformation, no less than the installation.

The judgment should therefore be affirmed, with costs. All concur.